

September 22, 2006

01 C 5540 Hotsamba Inc. v. Caterpillar Inc.
Judge Joan B. Gottschall
Jury Instructions as read

**FILED**

SEP 2 2 2006

JUDGE JOAN B. GOTTSCHALL
United States District Court

JURY INSTRUCTION NO. 1

FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what facts are or about what your verdict should be.

JURY INSTRUCTION NO. 2

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked some questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

JURY INSTRUCTION NO. 3

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

## JURY INSTRUCTION NO. 4

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of depositions or by video of the deposition. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

JURY INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

    (1)    If I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

    (2)    Anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

    (3)    Questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

    (4)    The lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## JURY INSTRUCTION NO. 6

### NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

JURY INSTRUCTION NO. 7

CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

JURY INSTRUCTION NO. 8

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## JURY INSTRUCTION NO. 9

### WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

JURY INSTRUCTION NO. 10

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

INSTRUCTION NO. 11

## GENERAL INSTRUCTIONS – TESTIMONY OF WITNESSES

You must decide whether the testimony of each of the witnesses is truthful and accurate, in whole, in part, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- any previous inconsistent statement or act by the witness concerning an issue important to the case; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

JURY INSTRUCTION NO. 12

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

JURY INSTRUCTION NO. 13

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number: You need not accept the testimony of the larger number of witnesses.

JURY INSTRUCTION NO. 14

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## JURY INSTRUCTION NO. 15

### EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

JURY INSTRUCTION NO. 16

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## JURY INSTRUCTIION NO. 17

### ALL LITIGANTS EQUAL BEFORE THE LAW

In this case some of the parties are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

JURY INSTRUCTIION NO. 18

## I2 AS A NON-PARTY

i2 Technologies, Inc., is not a party in this case. Do not speculate as to the reasons why i2 Technologies, Inc. is not a party in this case. You should decide this case only as to the parties who are in the case.

JURY INSTRUCTION NO. 19

## GENERAL INSTRUCTIONS – BURDEN OF PROOF

This is a civil case. For the majority of claims, the party bringing the claim has the burden of proving their case by what is called the preponderance of the evidence. When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true. If the claimant fails to meet this burden, the verdict must be for the defendant on that claim.

Some aspects of this case need to be proven by a different standard of proof, that is called clear and convincing evidence, which is a higher standard than "more probably true than not true." If the claimant fails to meet this burden, the verdict must be for the defendant on that claim.

The burden of proof may vary for each of the claims brought by HotSamba and Caterpillar and for the defenses to those claims. I will instruct you at each point as to the applicable burden of proof.

JURY INSTRUCTION NO. 20

CLAIMS OF EACH PARTY – GENERAL

HotSamba has filed three claims against Caterpillar. HotSamba claims that Caterpillar infringed HotSamba's copyright, misappropriated HotSamba's trade secrets, and breached a contract between HotSamba and Caterpillar.

Caterpillar denies all of HotSamba's allegations and asserts affirmative defenses which I will instruct you about in a few moments.

Caterpillar has filed two counterclaims against HotSamba and Robert T. Onesto. Caterpillar claims that HotSamba and Onesto engaged in fraud against Caterpillar and breached a contract between Caterpillar and HotSamba.

HotSamba and Onesto deny all of Caterpillar's allegations and assert affirmative defenses which I will instruct you about in a few moments.

You will be instructed as to each element of each of these causes of action and defenses. You must consider each claim and defense and the evidence pertaining to each separately.

JURY INSTRUCTION NO. 21

## BREACH OF CONTRACT CLAIM –
## ELEMENTS

On its contract claim for breach of the Software License Agreement, HotSamba has the burden of proving by the preponderance of the evidence:

(1) the existence of a contract between HotSamba and Caterpillar;

(2) performance by HotSamba of all its obligations under the contract;

(3) Caterpillar breached by failing to adequately perform its obligations under the contract; and

(4) resulting damage to HotSamba.

If you find from your consideration of all the evidence that one or more of the elements has not been proven by HotSamba, you must find in favor Caterpillar.

If you find that each of the above elements has been proven by HotSamba, then you must consider Caterpillar's affirmative defenses related to this breach of contract claim. The law recognizes that sometimes facts or circumstances may exist which would excuse liability. These facts or circumstances are raised in what are known as affirmative defenses, which I will instruct you on later

If you find from your consideration of all the evidence that HotSamba has proven all the elements of its contract claim and Caterpillar has not proven any of its affirmative defenses, you must find in favor of HotSamba on its breach of contract claim. If Caterpillar proves any one of its affirmative defenses, then you must find in favor of Caterpillar on HotSamba's breach of contract claim.

JURY INSTRUCTION NO. 22

## HOTSAMBA'S BREACH OF CONTRACT CLAIM – CONTRACT INTERPRETATION

The parties disagree as to the meaning of the Software License Agreement. Your task is to determine whether Caterpillar's transfer of WECAP to i2 Technologies, Inc. breached the Software License Agreement. The intent of the parties at the time they entered into the Software License Agreement must be determined with reference to the Software License Agreement as a whole, not merely by reference to particular words or isolated phrases. Thus, all of the language in the Software License Agreement and the surrounding circumstances must be considered to allow an interpretation in context. Use of a single term in the text of the contract does not necessarily alter the meaning of a contract, when viewed in light of the contract as a whole. You may also consider the context and circumstances in which the parties entered the Software License Agreement. This includes the discussions of the parties and the negotiations leading up to the signing of the Software License Agreement.

JURY INSTRUCTION NO. 23

## HOTSAMBA'S BREACH OF CONTRACT CLAIM – PROOF OF FORMATION OF CONTRACT

The first element of a contract claim HotSamba must prove is the existence of a contract.

To prove the existence of a contract between HotSamba and Caterpillar, HotSamba has the burden of proving that the SLA included an exchange of promises or value, which is known as consideration. There is sufficient consideration if HotSamba can prove that something of value was bargained for by the parties and given by one party in exchange for something of value or for the other's promise. "Something of value" may consist of a promise, an act, a promise to act or not to act, or any payment that was of benefit to one party or a disadvantage to the other.

JURY INSTRUCTION NO. 24

## HOTSAMBA'S BREACH OF CONTRACT CLAIM – PERFORMANCE BY PLAINTIFF

The second element of a contract claim that HotSamba must prove is that it performed all obligations required of it under the Software License Agreement.

JURY INSTRUCTION NO. 25

## HOTSAMBA'S BREACH OF CONTRACT CLAIM – BREACH

For the third element of its contract claim, HotSamba must prove that Caterpillar breached the Software License Agreement.

Generally, if a party fails to perform its obligations according to the terms of the contract, the party has breached the contract. You must decide whether Caterpillar failed to do what it was obligated to do under the Software License Agreement.

JURY INSTRUCTION NO. 26

## HOTSAMBA'S BREACH OF CONTRACT CLAIM – AFFIRMATIVE DEFENSES

With respect to HotSamba's claim of breach of contract, Caterpillar has raised and has the burden to prove one of the affirmative defenses of fraudulent inducement, waiver, and general estoppel.

JURY INSTRUCTION NO. 27

## AFFIRMATIVE DEFENSES - FRAUDULENT INDUCEMENT

Generally, the law provides if one party fraudulently by misrepresentation of material facts convinced another to enter into the contract, then that party cannot enforce the contract against the other. The law also provides there is no misrepresentation of material fact when the representation relates to an expression of opinion or a statement of value.

To prevail on this affirmative defense, Caterpillar must prove by clear and convincing evidence that it reasonably relied to its detriment on one or more false representations created by words or conduct of HotSamba relating to a material fact, which was made by HotSamba with the intent to deceive and with knowledge of its falsity or with a reckless disregard of its truth or falsity, and, if Caterpillar had known the truth, it would not have entered into the Software License Agreement.

When I use the word "material," I mean the misrepresented facts must have been an essential element to the transaction.

If you find that Caterpillar has proven this affirmative defense by clear and convincing evidence, then you must rule for Caterpillar and against HotSamba on HotSamba's breach of contract claim. If you find that Caterpillar has not proven fraudulent inducement you must rule for HotSamba on this affirmative defense.

JURY INSTRUCTION NO. 28

## AFFIRMATIVE DEFENSES - WAIVER

Caterpillar asserts the affirmative defense of waiver to HotSamba's breach of contract claim. Waiver occurs when a party acts in a manner inconsistent with an intent to enforce that right. It involves a voluntary, intentional relinquishment of a known right.

If you find that Caterpillar has proven this affirmative defense by a preponderance of the evidence, then you must rule for Caterpillar and against HotSamba on HotSamba's breach of contract claim. If you find that Caterpillar has not proven waiver you must rule for HotSamba on this affirmative defense.

JURY INSTRUCTION NO. 29

AFFIRMATIVE DEFENSES – GENERAL ESTOPPEL

Caterpillar asserts the affirmative defense of estoppel to HotSamba's breach of contract claim. Estoppel is the general rule that where a person, by his or her statements and conduct, leads a party to do something that the party would not have done but for such statements and conduct, that person will not be allowed to deny his or her words or acts to the damage of the other party.

To prevail on this defense, Caterpillar must prove each of the following propositions by clear and convincing evidence:

(1)     that HotSamba misrepresented or concealed material facts through words or conduct;

(2)     that HotSamba knew at the time it made the representations that they were untrue;

(3)     that Caterpillar did not know the representations were untrue when they were made and when they were acted upon

(4)     that HotSamba intended or reasonably expected Caterpillar to rely on or act upon those representations;

(5)     that Caterpillar reasonably relied upon those representations in good faith to its detriment; and

(6)     that Caterpillar would be prejudiced by its reliance on the representations if HotSamba is permitted to deny the truth thereof.

If you find that Caterpillar has proven this affirmative defense by clear and convincing evidence, then you must rule for Caterpillar and against HotSamba on HotSamba's breach of contract claim. If you find that Caterpillar has not proven estoppel you must rule for HotSamba on this affirmative defense.

JURY INSTRUCTION NO. 30

## HOTSAMBA'S BREACH OF CONTRACT CLAIM – DAMAGES

The final element of a contract claim is damages. HotSamba must prove that it sustained damage resulting from Caterpillar's breach. To recover on its claim, HotSamba must prove that because of Caterpillar's failure to perform under the contract, HotSamba has been damaged.

HotSamba has not asserted a claim for an amount of damages on its breach of contract claim. Therefore, I instruct you that the most you may award if you find that Caterpillar breached the contract is a nominal amount of $1.00.

## JURY INSTRUCTION NO. 31

## INSTRUCTION ON DAMAGES

You should not interpret the fact that I am and will be instructing on damages as an indication in any way that I believe that either party should, or should not, win on its claims. I am instructing you on damages only so that you will have guidance in the event you decide that either party is liable for the respective claim.

JURY INSTRUCTION NO. 32

## HOTSAMBA'S TRADE SECRET CLAIM – ELEMENTS

HotSamba also has brought a claim for misappropriation of its trade secrets against Caterpillar. To prevail on its misappropriation of trade secrets claim, HotSamba must prove the following elements by a preponderance of the evidence:

    (1)    That Build 46 contained trade secrets at the time the alleged misappropriation occurred;

    (2)    That HotSamba disclosed the trade secrets to Caterpillar in a confidential relationship, or under other circumstances in which Caterpillar owed a duty not to disclose the trade secrets; and

    (3)    That Caterpillar disclosed the trade secrets to a third party without HotSamba's express or implied permission.

If you find from your consideration of all the evidence that one or more of the elements has not been proven by HotSamba, you must find in favor Caterpillar.

If you find that each of the above elements has been proven by HotSamba, then you must consider Caterpillar's affirmative defenses related to trade secret misappropriation claim.

If you find from your consideration of all the evidence that HotSamba has proven all the elements of its trade secret misappropriation claim and Caterpillar has not proven any of its affirmative defenses, you must find in favor of HotSamba on that claim. If Caterpillar proves any one of its affirmative defenses, then you must find in favor of Caterpillar on HotSamba's trade secret misappropriation claim.

JURY INSTRUCTION NO. 33

HOTSAMBA'S TRADE SECRET CLAIM – EXISTENCE OF A TRADE SECRET

To establish that Build 46 contained trade secrets at the time of the alleged misappropriation, HotSamba must prove the following propositions by a preponderance of the evidence:

(1)     That the Build 46 source code is sufficiently secret to derive economic value from not being generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure; and

(2)     That HotSamba took efforts that were reasonable under the circumstances to maintain the secrecy of the Build 46 source code.

JURY INSTRUCTION NO. 34

HOTSAMBA'S TRADE SECRET CLAIM -- SECRECY DEFINED

To determine that a trade secret exists, you must first decide whether the information was secret when defendant Caterpillar transferred the Build 46 source code to i2 Technologies. The key to secrecy is the ease with which the information can be readily duplicated without involving considerable time, effort or expense. Matters that are generally known to the public at large or to people in a trade or business are not trade secrets. Nor can information be considered a trade secret if it would be ascertainable with reasonable ease from publicly available information. In addition, a trade secret must possess enough originality so that it can be distinguished from everyday knowledge.

JURY INSTRUCTION NO. 35

## HOTSAMBA'S TRADE SECRET CLAIM-- ECONOMIC VALUE FROM NOT BEING GENERALLY KNOWN

To determine whether HotSamba's Build 46 source code derives economic value from not being generally known or readily ascertainable by proper means by other persons who can obtain economic value from its use, you may consider: the extent to which the Build 46 source code is known outside of HotSamba's business; the extent to which it is known by the employees and others involved in HotSamba's business; the extent of measures taken by HotSamba to guard the secrecy of the information; the value of the information to HotSamba and to HotSamba's competitors; the amount of effort or money expended by HotSamba in developing the source code; the ease or difficulty with which the information could be properly acquired or duplicated by others.

JURY INSTRUCTION NO. 36

## HOTSAMBA'S TRADE SECRET CLAIM-- REASONABLE MEASURES TO PROTECT SECRECY

HotSamba must prove that it took reasonable measures to protect the secrecy of its trade secrets prior to the alleged misappropriation. There is no precise definition of what "reasonable measures" are; what is reasonable depends on the situation. Factors you may wish to consider in evaluating whether "reasonable measures" were taken could include the following:

(1)     Whether HotSamba made it a practice to inform its employees or others involved with its business that the information was or included trade secrets and/or was to be kept confidential;

(2)     Whether HotSamba required employees or others involved with its business to sign confidentiality agreements regarding the information or covenants not to compete in areas that could use the information;

(3)     Whether HotSamba restricted access to the information on a "need to know basis"; and

(4)     Whether HotSamba generally maintained tight security to protect the alleged trade secret, and did not voluntarily disclose it to others, except in confidence.

JURY INSTRUCTION NO. 37

## HOTSAMBA'S TRADE SECRET CLAIM – DEFINITION OF MISAPPROPRIATION

If you decide that HotSamba possessed a trade secret, then you must decide whether HotSamba has proved that the trade secret information was misappropriated by Caterpillar.

Misappropriation means disclosure or use of a trade secret without express or implied consent by a defendant who, at the time of disclosure or use, knew or had reason to know that knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.

JURY INSTRUCTION NO. 38

## HOTSAMBA'S TRADE SECRET CLAIM – AFFIRMATIVE DEFENSES

With respect to HotSamba's trade secret misappropriation claim, Caterpillar has raised and has the burden to prove one of the affirmative defenses of waiver and general estoppel. You may refer back to the instructions on these defenses that I have previously given you at Instructions 28 and 29.

JURY INSTRUCTION NO. 39

## HOTSAMBA'S TRADE SECRET CLAIM -- DAMAGES GENERALLY

If you find by a preponderance of the evidence that Caterpillar has misappropriated any of HotSamba's trade secrets, and do not find in Caterpillar's favor on one of its affirmative defenses, then you must determine the amount of damages, if any, HotSamba is entitled to receive.

HotSamba has the burden or proving damages by a preponderance of the evidence.

JURY INSTRUCTION NO. 40

## HOTSAMBA'S TRADE SECRET CLAIM – UNJUST ENRICHMENT DAMAGES

If you find that Caterpillar benefited from its misappropriation of HotSamba's trade secrets, then you may award unjust enrichment damages. Unjust enrichment damages permit a plaintiff to recover the defendant's actual benefits from misuse of the trade secret. They include any profit and cost savings attributable to its misappropriation of HotSamba's trade secrets. Unjust enrichment damages may be greater than HotSamba's actual loss.

Once HotSamba demonstrates that Caterpillar benefited from any misappropriation of HotSamba's trade secrets, the burden shifts to Caterpillar to demonstrate by a preponderance of the evidence any costs properly to be offset against its profit and cost savings. Caterpillar also bears the burden to demonstrate by a preponderance of the evidence the portion of the profit and cost savings attributable to factors other than the trade secrets.

JURY INSTRUCTION NO. 41

## HOTSAMBA'S TRADE SECRET CLAIM-- REASONABLE ROYALTY DAMAGES

If you find that Caterpillar benefited from its misappropriation of HotSamba's trade secrets, but that HotSamba has failed to establish the amount of its unjust enrichment damages due to Caterpillar's misappropriation, you may award to HotSamba damages for this misappropriation measured by a reasonable royalty. A reasonable royalty is simply that amount that you estimate a person desiring to buy these trade secrets would be willing to pay for them and an owner desiring to sell these trade secrets would be willing to accept.

JURY INSTRUCTION NO. 42

## HOTSAMBA'S TRADE SECRET CLAIM – DAMAGES
## EXEMPLARY DAMAGES

If you find for HotSamba on its trade secret claim, you may, but are not required to, assess exemplary damages against Caterpillar. The purposes of exemplary damages are to punish Caterpillar for its conduct and to serve as an example or warning to Caterpillar and others not to engage in similar conduct in the future.

In order for HotSamba to recover exemplary damages, you must find that Caterpillar's acts were "willful and malicious." That is, you may assess exemplary damages only if you find that Caterpillar's conduct was malicious or in reckless disregard of HotSamba's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring HotSamba. Conduct is in reckless disregard of HotSamba's rights if, under the circumstances, it reflects complete indifference to HotSamba's rights.

If you find that exemplary damages are appropriate, then you must use sound reason in setting the amount of those damages. Exemplary damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any exemplary damages, you should consider the following factors:

– the reprehensibility of the conduct;

– the impact of the conduct on HotSamba;

– the relationship between HotSamba and Caterpillar;

– the likelihood that such conduct would be repeated if an award of exemplary damages is not made; and

– the relationship of any award of exemplary damages to the amount of actual harm HotSamba suffered.

If you find that Caterpillar misappropriated HotSamba's trade secrets willfully and maliciously, you will be asked to separately determine the amount of exemplary damages in an amount not to exceed twice any unjust enrichment or royalty awarded.

JURY INSTRUCTION NO. 43

## HOTSAMBA'S COPYRIGHT CLAIM – COPYRIGHT

HotSamba also has brought a claim for copyright infringement against Caterpillar. A "copyright" is the exclusive right to copy a work, make derivative works, or distribute works. These rights, however, can be transferred by contract or license. One who reproduces, makes derivative works, or distributes a copyrighted work but does not own the copyright, infringes the copyright, unless licensed or otherwise given permission by the copyright owner. Copyright protection extends only to the expression of the ideas in the author's work, but never to the ideas themselves. A computer program can be a copyrighted work.

JURY INSTRUCTION NO. 44

## HOTSAMBA'S COPYRIGHT CLAIM – ELEMENTS

HotSamba alleges that Caterpillar infringed its copyright in Build 46 source code. To prevail on this claim, HotSamba has the burden of proving both of the following by a preponderance of the evidence:

(1) that HotSamba is the owner of a valid copyright in Build 46; and

(2) that Caterpillar transferred copyrighted material to i2 Technologies without authorization.

If you find from your consideration of all the evidence that one or more of the elements has not been proven by HotSamba, you must find in favor Caterpillar.

If you find that each of the above elements has been proven by HotSamba, then you must consider Caterpillar's affirmative defenses related to copyright infringement.

If you find from your consideration of all the evidence that HotSamba has proven all the elements of its copyright infringement claim and Caterpillar has not proven any of its affirmative defenses, you must find in favor of HotSamba on that claim. If Caterpillar proves any one of its affirmative defenses, then you must find in favor of Caterpillar on HotSamba's copyright infringement claim.

JURY INSTRUCTION NO. 45

## HOTSAMBA'S COPYRIGHT CLAIM - OWNERSHIP OF A COPYRIGHT

To be the copyright owner of the Build 46 source code, HotSamba must prove by a preponderance of the evidence:

(1)    That HotSamba, through its employees, created the Build 46 source code;

(2)    That the Build 46 source code is an original work; and

(3)    That HotSamba did not transfer or assign its ownership rights in the Build 46 source code to Caterpillar.

JURY INSTRUCTION NO. 46

## HOTSAMBA'S COPYRIGHT CLAIM -- ORIGINALITY

For a copyright to be valid, it must be original.

Originality, as the term is used in copyright, means that the work was independently created by the author (as opposed to copied from other works), and that it possesses some minimal degree of creativity.

## JURY INSTRUCTION NO. 47

### HOTSAMBA'S COPYRIGHT CLAIM – ASSIGNEE OF COPYRIGHT

A copyright owner may transfer, sell, or otherwise convey to another person any part or all of the owner's interest in the copyright.

JURY INSTRUCTION NO. 48

## HOTSAMBA'S COPYRIGHT CLAIM -- REGISTRATION

When an author creates an original work, copyright automatically exists in an original work at the moment of its creation.

In order to maintain a lawsuit, however, the copyright owner must register its copyright with the U.S. Copyright Office. To register a copyright, the copyright owner must deliver to the Copyright Office:

      (1) a deposit copy of the work;

      (2) a registration application form; and

      (3) the registration fee

A certificate of registration of a copyright creates a rebuttable presumption of the validity of the copyright and of the facts stated in the certificate. In other words, if no evidence is presented against HotSamba as to this element, the registration certificate alone is sufficient to establish HotSamba's ownership of a valid copyright.

However, registration of a copyright is not conclusive as to the validity of the copyright. Once HotSamba demonstrates the existence of a registration, the burden shifts to Caterpillar to show by a preponderance of the evidence the invalidity of that registration.

JURY INSTRUCTION NO. 49

## HOTSAMBA'S COPYRIGHT CLAIM -- VALIDITY OF REGISTRATION

You must determine whether HotSamba's registration of copyright is valid. A valid registration is a required to maintain a copyright infringement action. If you find that HotSamba's registration is invalid, you must find for Caterpillar on HotSamba's copyright infringement claim. Unintentional and immaterial mistakes do not render a copyright registration invalid.

JURY INSTRUCTION NO. 50

## HOTSAMBA'S COPYRIGHT CLAIM – AFFIRMATIVE DEFENSES

With respect to HotSamba's copyright infringement claim, Caterpillar has raised and has the burden to prove one of the affirmative defenses of copyright misuse, license, first sale, waiver, and copyright estoppel. Note that copyright estoppel is different than the general estoppel instruction that I gave you earlier. You may refer back to the instruction on waiver that I have previously given you at Instruction 28. I will now instruct you on the other elements.

JURY INSTRUCTION NO. 51

## HOTSAMBA'S COPYRIGHT CLAIM – AFFIRMATIVE DEFENSES
## COPYRIGHT MISUSE

Caterpillar asserts the affirmative defense of copyright misuse to HotSamba's copyright infringement claim. To prevail on its copyright misuse defense, Caterpillar must prove that HotSamba wrongfully used the rights and benefits of its copyright to restrain Caterpillar from the use of material over which HotSamba had no copyright rights.

If you find that Caterpillar has proven this affirmative defense by a preponderance of the evidence, then you must rule for Caterpillar and against HotSamba on HotSamba's copyright infringement claim. If you find that Caterpillar has not proven copyright misuse you must rule for HotSamba on this affirmative defense.

JURY INSTRUCTION NO. 52

## HOTSAMBA'S COPYRIGHT CLAIM – AFFIRMATIVE DEFENSES
## LICENSE

A license is permission from the copyright holder to use the protected material in a particular manner. A party's use of copyright material within the scope of a license agreement do not constitute infringement.

If you find that Caterpillar has proven by a preponderance of the evidence that it acted within the scope of a license then you must rule for Caterpillar and against HotSamba on HotSamba's copyright infringement claim. If you find that Caterpillar has not proven that it acted within the scope of a license, you must rule for HotSamba on this affirmative defense.

JURY INSTRUCTION NO. 53

## HOTSAMBA'S COPYRIGHT CLAIM – AFFIRMATIVE DEFENSES
## FIRST SALE DOCTRINE

Caterpillar asserts the affirmative defense of "first sale" to HotSamba's copyright infringement claim. Under the Copyright law, the "first sale" doctrine allows the owner of a lawfully made copy of a copyrighted work to sell that particular copy of the work without infringing the copyright in the work. To prevail on this defense, Caterpillar must prove by a preponderance of the evidence that

1) The transfer of Build 46 source code form HotSamba to Caterpillar was a sale and not a license of the software; and

2) Caterpillar's sale of WECAP to i2 Technologies did not involve the making of an unauthorized copy or an unauthorized derivative work of Build 46.

If you find that Caterpillar has proven this affirmative defense by a preponderance of the evidence, then you must rule for Caterpillar and against HotSamba on HotSamba's copyright infringement claim. If you find that Caterpillar has not proven its first sale defense you must rule for HotSamba on this affirmative defense.

JURY INSTRUCTION NO. 54

AFFIRMATIVE DEFENSES - COPYRIGHT ESTOPPEL

Caterpillar asserts the affirmative defense of estoppel to HotSamba's copyright infringement claim. For the purposes of this claim only, the elements of estoppel are:

(1)     that HotSamba knew the facts of Caterpillar's allegedly infringing conduct;

(2)     HotSamba intended that its conduct shall be acted on or acted in such a way that Caterpillar had a right to believe that it so intended;

(3)     Caterpillar must have been ignorant of the true facts; and

(4)     Caterpillar must have relied on HotSamba's conduct to its injury.

If you find that Caterpillar has proven this affirmative defense by a preponderance of the evidence, then you must rule for Caterpillar and against HotSamba on HotSamba's copyright infringement claim. If you find that Caterpillar has not proven estoppel you must rule for HotSamba on this affirmative defense.

JURY INSTRUCTION NO. 55

HOTSAMBA'S COPYRIGHT CLAIM -- DAMAGES GENERALLY

If you find that HotSamba has proven by a preponderance of the evidence that Caterpillar infringed HotSamba's copyright in the Build 46 source code and you find that none of Caterpillar's affirmative defenses apply, then you must determine the amount of damages HotSamba may recover, if any. The Copyright Act provides that if it proves infringement, HotSamba is entitled to recover:

(1)     Actual damages it suffered as a result of the infringement; and

(2)     Profits of Caterpillar attributable to the infringement that you have not already taken into account or properly covered in figuring HotSamba's actual damages.

HotSamba must prove its damages by a preponderance of the evidence.

JURY INSTRUCTION NO. 56

## HOTSAMBA'S COPYRIGHT CLAIM – ACTUAL DAMAGES

Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work, measured by a reasonable royalty for the transfer to i2 of any Build 46 source code contained in the WECAP source code. HotSamba must establish the reduction in the fair market value of the copyrighted work by a preponderance of the evidence.

HotSamba seeks to show the value of the alleged infringing use as the amount a willing buyer would have been reasonably required to pay to a willing seller at the time of the infringement for the specific use made of the work.

Your award must be based on evidence and not speculation or guess work.

JURY INSTRUCTION NO. 57

## HOTSAMBA'S COPYRIGHT CLAIM – PROFITS ATTRIBUTABLE TO INFRINGEMENT

HotSamba seeks to recover profits from Caterpillar that are attributable to the alleged infringement of Build 46. Specifically, HotSamba seeks to recover for the profits, if any, Caterpillar derived from Build 46 as a result of the transfer of the WECAP software that are not already part of HotSamba's claim for actual damages. Profits are determined by deducting all associated expenses from gross revenue attributable to the infringement. Expenses are all operating, overhead, and production costs incurred by Caterpillar in producing the gross revenue, whether internal at Caterpillar or as necessary to consummate the transaction with i2.

If you find that a portion of the profits is attributable to factors other than the infringement of Build 46, then you must apportion Caterpillar's profits between the profits attributable to the infringement of Build 46 and profits attributable to other factors.

Mathematical exactness is not required to apportion profits between those attributable to infringement of the registered work and those attributed to other factors. If you cannot decide with certainty the amount of Caterpillar's profits that are attributable to factors other than infringement, you should make a reasonable approximation of that amount.

HotSamba has the burden of proving Caterpillar's gross revenues by a preponderance of the evidence. Caterpillar has the burden of proving by a preponderance of the evidence its expenses and any portion of the profits that are attributable to factors other than alleged infringement of Build 46.

You are instructed that recovery of profits is limited to such profits as Caterpillar gained through infringing sale or use of Build 46 – that is profits actually made. You may not award profits for the use of the ideas reflected in Build 46, only for the specific expression of the ideas therein.

You may not include in an award of profits any amount that you already awarded as actual damages.

JURY INSTRUCTION NO. 58

## DAMAGES NOT CUMULATIVE

Other than exemplary damages, the damages under HotSamba's copyright and trade secret claims are treated essentially the same. If you award damages under both the copyright and trade secret claims (apart from exemplary damages), the court will not add those awards together, but will award the higher if they are different or only one award if they are the same. Since the elements of the claims are different, you must give separate consideration to each of these claims.

JURY INSTRUCTION NO. 59

CONTRACTUAL LIMITATION ON DAMAGES INAPPLICABLE

As I have previously instructed you, HotSamba seeks damages under both the Copyright Act and for Caterpillar's alleged misappropriation of HotSamba's trade secrets. One of the pieces of evidence that you will have with you during your deliberations is the 1999 Software License Agreement. How that Software License Agreement is incorporated into your deliberations is up to you. However, you must disregard the second paragraph of Section 14 of the Software License Agreement, titled "General Provisions," in determining whether to award damages to HotSamba and, if so, the amount of any such damages.

JURY INSTRUCTION NO. 60

## HOTSAMBA'S COPYRIGHT CLAIM -- TERMINATION OF A LICENSE

A license agreement may terminate upon a material breach by one party. Therefore, if you find that Caterpillar breached the parties' 1999 Software License Agreement, you may find that the Software License Agreement, and all of Caterpillar's rights under that agreement, terminated.

JURY INSTRUCTION NO. 61

## COUNTERCLAIMS

In this action, two counterclaims have been filed by Caterpillar against HotSamba and Robert T. Onesto. As to the issues raised by the counterclaims and the answers to it, the parties stand in the same relation to one another as do a plaintiff and a defendant. Therefore, the instructions given to you which apply to the plaintiff HotSamba and the defendant Caterpillar apply with the same effect to the counter-plaintiff Caterpillar and counter-defendants HotSamba and Mr. Onesto, respectively.

JURY INSTRUCTION NO. 62

## COUNTER-DEFENDANTS' RIGHTS

The rights of the counter-defendants, HotSamba and Robert T. Onesto, are separate and distinct. Each is entitled to fair consideration of its or his own defense and you will decide each counter-defendant's case separately as if it were a separate lawsuit. Each counter-defendant's case must be governed by the instructions applicable to that case.

JURY INSTRUCTION NO. 63

CATERPILLAR'S FRAUD CLAIM -- ELEMENTS

Caterpillar claims that HotSamba and Mr. Onesto intentionally made false statements of material facts to Caterpillar and that Caterpillar relied on these statements and suffered damages as the result of its reliance.

To succeed on its fraud claim, Caterpillar has the burden of proving the following elements by clear and convincing evidence:

*First*, HotSamba and/or Onesto made false statements or omissions of material fact;

*Second*, HotSamba and/or Onesto knew the statements were false or knew the omissions gave a false impression.

*Third*, that HotSamba and/or Onesto made the statements with the intent to induce Caterpillar to rely on them;

*Fourth*, Caterpillar believed the statement(s) and acted in reasonable reliance on the truth of the statement(s); and

*Fifth*, that Caterpillar was damaged as a result of its reliance.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as required in this instruction, then your verdict should be for Onesto and/or HotSamba.

JURY INSTRUCTION NO. 64

## CATERPILLAR'S FRAUD CLAIM -- MATERIALITY

When I use the word "material" I mean the misrepresented facts must have been an essential element to the transaction, and had Caterpillar been aware of the truth, it would have acted differently.

JURY INSTRUCTION NO. 65

## CATERPILLAR'S FRAUD CLAIM – MEASURE OF DAMAGES

If you find that HotSamba and/or Onesto committed fraud, then you must determine the amount of damages that will reasonably and fairly compensate Caterpillar for the amount of Caterpillar's loss caused by the fraud.

Caterpillar must prove its damages by preponderance of the evidence.

JURY INSTRUCTION NO. 66

## CATERPILLAR'S FRAUD CLAIM – EXEMPLARY DAMAGES

If you find for Caterpillar on its fraud claim, and if you find HotSamba's and Mr. Onesto's conduct was willful and malicious and caused damage to Caterpillar, and if you believe that justice and the public good require it, you may, in addition to any other damages to which you find Caterpillar entitled, award an amount which will serve to punish HotSamba and Mr. Onesto and to deter HotSamba and Mr. Onesto, and others, from similar conduct. I have previously instructed you on the standard of "willful and maliciousness" in Instruction number 42.

JURY INSTRUCTION NO. 67

## CATERPILLAR'S CONTRACT CLAIM – HOTSAMBA AND ONESTO: ALTER EGO

Before I instruct you as to Caterpillar's contract claim against HotSamba and Onesto, I will instruct you regarding Caterpillar's claim that HotSamba was what is known under the law as the alter ego of Robert T. Onesto.

The 1995 Consultant Agreement was entered between Caterpillar and HotSamba. Caterpillar claims that the doctrine of corporate separateness should not be recognized and that Mr. Onesto himself should be held personally liable for the acts of the corporation.

To demonstrate that HotSamba was the alter ego of Onesto and thereby hold Mr. Onesto liable for the acts of the corporation, Caterpillar must prove the following by a clear and convincing evidence

(1) that there was such unity of interest and ownership that the separate personalities of the corporation and the individual did not exist; and

(2) adherence to the fiction of separate corporate existence would sanction a fraud or promote similar injustice.

JURY INSTRUCTION NO. 68

## BREACH OF CONTRACT CLAIM –
## ELEMENTS

On its contract claim for breach of the 1995 Consulting Agreement, Caterpillar has the burden of proving by the preponderance of the evidence:

(1) the existence of a contract between HotSamba and Caterpillar;

(2) performance by Caterpillar of all its obligations under the contract;

(3) HotSamba breached by failing to adequately perform its obligations under the contract; and

(4) resulting damage to Caterpillar.

I have already instructed you on the requirements for these elements which are the same as the elements for HotSamaba's breach of contract claim. You will find those instructions at numbers 23 – 25. Note however, that HotSamba is not challenging the elements of the existence of a contract (element 1) and Caterpillar's performance of the contract (element 2).

If you find from your consideration of all the evidence that one or more of the elements has not been proven by Caterpillar, you must find in favor HotSamba.

If you find that each of the above elements has been proven by Caterpillar, then you must consider HotSamba's affirmative defenses related to this breach of contract claim.

If you find from your consideration of all the evidence that Caterpillar has proven all the elements of its contract claim and HotSamba has not proven any of its affirmative defenses, you must find in favor of Caterpillar on that claim. If HotSamba proves any one of its affirmative defenses, then you must find in favor of HotSamba on Caterpillar's breach of contract claim.

JURY INSTRUCTION NO. 69

## CATERPILLAR'S BREACH OF CONTRACT CLAIM – AFFIRMATIVE DEFENSES

With respect to Caterpillar's claim of breach of contract, HotSamba has raised and has the burden to prove one of the affirmative defenses of waiver and general estoppel. You may refer back to the instructions on these defenses that I have previously given you at Instructions 28 and 29.

JURY INSTRUCTION NO. 70

## CATERPILLAR'S BREACH OF CONTRACT CLAIM – DAMAGES

The final element of a contract claim is damages. Caterpillar must prove that it sustained damage resulting from HotSamba's breach. To recover on its claim, Caterpillar must prove that because of HotSamba's failure to perform under the contract, Caterpillar has been damaged.

JURY INSTRUCTION NO. 71

## CATERPILLAR'S BREACH OF CONTRACT CLAIM – MEASURE OF DAMAGES

In calculating Caterpillar's damages, you should determine the sum of money that will put Caterpillar in as a good a position as it would have been if Caterpillar and HotSamba and Onesto had performed all of their promises under the contract.

JURY INSTRUCTION NO. 72

## CHARGE TO THE JURY: CONCLUSION

This completes the instructions regarding the law applicable to this case.

As I have told you, neither in these instructions, nor in any ruling or remark that I have made during the course of the trial, have I intended to offer any opinion or any suggestion as to how I would resolve any of the issues of this case.

Your verdict must represent the considered judgment of each of you. In order to return a verdict, all of you must agree.

It is your duty to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But don't surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges -- judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

When you go to the jury room, you should select one of you to act as your foreperson. The foreperson will then preside over your deliberations and will be your spokesperson here in court.

If it becomes necessary during your deliberations to talk to me, you may send a note by the bailiff, signed by your foreperson, or by one or more of you. None of you should attempt to communicate with me by any means other than a signed writing. I will not communicate with you other than in writing, or orally in open court. The Court will respond to any written inquiry from you as promptly as possible.

I caution you, however, with regard to any message that you might send, that you should never state or specify the numerical count of the jury's answers to the ~~interrogatories~~ at the time the question is asked.
verdict

You will have a copy of these instructions and my preliminary instructions with you in the jury room. They will be available to each of you. If you have any questions about the law or your duties, you should first consult the copy of the instructions.

JURY INSTRUCTION NO. 73

FINAL CHARGE TO THE JURY: SPECIAL VERDICT FORMS

The form of verdict will be furnished to you. You will take it to the jury room and when you have reached agreement as to the answers to the questions set forth, in accordance with these instructions, you will have your foreperson fill in the date and sign the answers to the questions upon which you have agreed. All jurors must sign the verdict form and then return with it to the courtroom.

You will note the questions ask whether you find in favor of Caterpillar or HotSamba, or Onesto for each of the claims in the case. All of the answers, as I have said, must be unanimous.

It is proper to add the caution that nothing said in these instructions is meant to suggest or convey in any way or manner any intimation as to what answers I think you should arrive at. What the answers to the questions shall be is the sole and exclusive responsibility of the jury.